UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KURT GRAVES-EL,
in pro per,

    Plaintiff,

vs.

Case No. 08-CV-15059
HON. GEORGE CARAM STEEH

NATIONAL CITY BANK. et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

Plaintiff Kurt Graves-El, appearing pro per, filed a complaint on December 8, 2008 alleging he promised to pay defendant National City Bank $177,805.00 on June 16, 2006 for a loan secured by a mortgage on 10832 Pardee, Taylor, Michigan. Graves-El alleges that National City Bank was granted a security interest in the event he defaulted on the loan, and that the home was sold at a June 4, 2008 Sheriff Sale. Graves-El seeks $1.1 million and an order quieting title to the property in his name alleging he "rescinded the Mortgage agreement prior to the Sheriff Sale held on June 4, 2008" pursuant to the Real Estate Settlement Procedure Act (RESPA), 12 U.S.C. § 2601, et seq., the Truth in Lending Act (TILA), 15 U.S.C. § 1601, et seq., and "Federal Reserve Board Regulation Z, TITLE 15 SEC 1601." Graves-El further alleges that the Note he signed "was not a lawful contract," that National City Bank "has no evidence of any amount allegedly loan[ed]" to him, that the Sheriff Sale "was extinguished by the rescinding of the Mortgage," that there is no evidence that National City Bank "has any right to the subject property after the rescinding of the Mortgage," and that there is no evidence that he "does not have the right to rescind the

Mortgage granted to" National City Bank.

In that Graves-El has paid the requisite filing fee and is not seeking in forma pauperis status, the complaint is not subject to screening for sua sponte dismissal under 28 U.S.C. § 1915(e)(2). Benson v. O'Brian, 179 F.3d 1014 (6th Cir. 1999). Generally, a court may not sua sponte dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff notice and an opportunity to amend the complaint. Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir. 1983). However, "a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantiated, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999).

Graves-El's allegations are totally implausible and devoid of merit. Graves-El is not entitled to relief under the TILA or Regulation Z because the right to rescind a credit transaction does not apply to residential mortgage transactions. See 15 U.S.C. § 1635(e)(1); 12 C.F.R. § 226.23(f)(1). Violations of RESPA cannot support a finding that the subject mortgage is invalid or unenforceable. See 12 U.S.C. § 2615. Graves-El's allegations that the Note was "unlawful" and that the Mortgage was "unconscionable" are conclusionary, and do not support his claims for $1.1 million or a right to quiet title in the property in his name. Accordingly, Graves-El's complaint is subject to sua sponte dismissal. Apple, 183 F.3d at 479.

Plaintiff's Complaint is hereby DISMISSED in its entirety.

SO ORDERED.

Dated: December 12, 2008

                                            s/George Caram Steeh
                                            GEORGE CARAM STEEH
                                            UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 12, 2008, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk